O

# United States District Court
# Central District of California

JACKIE NUNEZ,

        Plaintiff,

   v.

WAL-MART ASSOCIATES INC., et al.,

        Defendants.

Case № 5:24-cv-00136 ODW (SHKx)

**ORDER DENYING MOTION TO REMAND [9]**

## I.  INTRODUCTION

Plaintiff Jackie Nunez ("Nunez") moves to remand this action to San Bernardino Superior Court for lack of diversity jurisdiction under 28 U.S.C. § 1332. (Mot. Remand ("Mot." or "Motion") 2, ECF No. 9.)  Defendant Wal-Mart Associates, Inc. ("Wal-Mart") argues that Nunez is attempting to join a party solely to defeat diversity without leave to amend her complaint.  (Opp'n 1, ECF No. 15.)  For the following reasons, the Court **DENIES** Plaintiff's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Nunez is a citizen of California. (Mot. 7.) Wal-Mart is a corporation with Delaware and Arkansas citizenship. (Opp'n 1.) The parties do not dispute these citizenships.

On May 8, 2023, Nunez filed this action in San Bernardino Superior Court. (Notice Removal ("NOR") Ex. A ("Compl."), ECF No. 1-1.) Nunez brings the action against Wal-Mart and fifty defendants sued under fictitious "Doe" names. (*Id.* ¶¶ 1–3.) Nunez asserts the following causes of action: (1) Discrimination Based on Gender, Gender Identity, and Gender Expression; (2) Retaliation; (3) Harassment; (4) Failure to Prevent Harassment and Discrimination; (5) Whistleblower; and (6) Wrongful Discharge in Violation of Public Policy. (*Id.* ¶¶ 8–38.)

On June 28, 2023, Wal-Mart removed this lawsuit to Federal Court, asserting that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000. (Opp'n 2.) On October 17, 2023, the district court remanded the case *sua sponte* to San Bernardino Superior Court on the grounds that Wal-Mart failed to establish that the amount in controversy exceeded $75,000. (*Id.*)

On December 22, 2023, Wal-Mart received discovery responses from Nunez that quantified her damages as above $75,000. (*Id.*) On January 19, 2024, Wal-Mart once again removed the state court action to federal court, asserting diversity jurisdiction. (*Id.*)

On February 20, 2024, Nunez stated her intent to amend her complaint to also bring the same harassment claim against Chris Gorman ("Gorman"), her former supervisor at Wal-Mart. (Mot. 3, 9.) Nunez moves to remand this action to state court because both Nunez and Gorman are California citizens, which destroys complete diversity. (*Id.* at 3.) Wal-Mart filed a timely opposition. (*See generally* Opp'n.) Nunez did not file a reply, and the Motion is now before the Court for consideration.

### III. LEGAL STANDARD

A civil action filed in a state court may be removed to a federal court provided that the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441. Federal courts have original subject-matter jurisdiction over civil actions where the amount in controversy exceeds $75,000 exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). There is a strong presumption against removal jurisdiction, and in removing a case the defendant always has the burden of establishing that the amount in controversy requirement is met. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Jurisdiction under § 1332(a) also requires complete diversity, and a federal court lacks § 1332(a) jurisdiction over a case with multiple plaintiffs and defendants where any one plaintiff is from the same state as any one defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The citizenship of defendants sued under fictitious names is disregarded for the purposes of determining whether a civil action is removable under § 1332(a) jurisdiction. 28 U.S.C. § 1441(b).

If at any time before final judgment it appears that a federal district court lacks subject matter jurisdiction over a civil action, the case shall be remanded to the state court. 28 U.S.C. § 1447(c).

### IV. DISCUSSION

Wal-Mart removed this case on the basis that this Court holds original subject matter jurisdiction under § 1332(a). (NOR 1, ECF No. 1.) Nunez and Wal-Mart are completely diverse in citizenship under § 1332. Nunez is a citizen of California. (Mot. 7.) Wal-Mart is a citizen of Arkansas and Delaware. (Opp'n 1.) The remaining Defendants are sued under fictitious names and thus disregarded. (Compl. ¶¶ 1–3.) As Nunez moves to remand on the grounds that she will add Gorman as a non-diverse party, destroying complete diversity, the issue before the Court is whether the addition of Gorman would indeed destroy diversity and thus preclude this Court's subject matter jurisdiction.

Wal-Mart argues that Nunez has not properly added Gorman as a defendant under Federal Rule of Civil Procedure ("Rule") 15(a), because any amendment would not be timely, and because Nunez has not received leave of court or the opposing party's consent to amend. (Opp'n 4–5.) Additionally, Wal-Mart contends that Nunez fails to meet the requisite test for the post-removal joinder of a diversity-destroying party, as articulated in *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008 (N.D. Cal. 2000) ("*IBC Aviation* test"). (*Id.* at 6–7.) The Court addresses each of these arguments in turn.

**A.  Federal Rule of Civil Procedure 15(a)**

Under Rule 15(a), a party may amend its pleading once as a matter of course, provided that it does so within (A) twenty-one days of serving it, or (B) if a responsive pleading is required, twenty-one days after the service of that responsive pleading, or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15. Except for amendments made as a matter of course, a party may amend its pleading only with the court's leave or the opposing party's consent. Fed. R. Civ. P. 15(a)(2).

Nunez notably has not amended her complaint to add Gorman as a defendant. Instead, she simply states in her Motion that she "intends to amend the complaint . . . in short order." (Mot. 3.) Even if the Court construed this as an amendment, it comes long after the deadline for Nunez to amend as a matter of course. Nunez filed her Complaint on May 8, 2023. (*See generally* Compl.) Wal-Mart answered on June 27, 2023. (NOR Ex. B ("Answer" or "Ans.") 7, ECF No. 1-1.) Nunez filed her Motion on February 20, 2024, well past the twenty-one-day deadline for any amendment as a matter of course following a responsive pleading. (*See* Mot. 9.)

Furthermore, Nunez does not seek the Court's leave to amend her complaint, nor does she appear to have Wal-Mart's consent. As a result, any amendment is without legal effect and cannot destroy diversity jurisdiction or support Nunez's Motion. *See Johnson v. Wash. Mut.*, No. 1:09-CV-929 AWI DLB, 2009 WL 2997661, at *1 (E.D. Cal. Sept. 16, 2009) (stating that "[i]f an amended pleading

cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect").

Accordingly, the Court finds that Nunez has not added Gorman as a defendant, and therefore Gorman is not presently a party to this case.

**B.     28 U.S.C. § 1447(e)**

Even if Nunez had complied with Rule 15, her attempt to join Gorman would still fail under both 28 U.S.C. § 1447(e) and the *IBC Aviation* test.

Courts have discretion under § 1447(e) to allow or deny the joinder of defendants who would destroy subject matter jurisdiction after a removal. 28 U.S.C. § 1447(e). Courts consider whether: (1) "the party sought to be joined is needed for just adjudication and would be joined under [Rule19(a)]"; (2) "the statute of limitations would preclude an original action against the new defendants in state court"; (3) "there has been unexplained delay in requesting joinder"; (4) "joinder is intended solely to defeat federal jurisdiction"; (5) "the claims against the new defendant appear valid"; and (6) "denial of joinder will prejudice the plaintiff." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011 (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)).

    *i.     Necessary Parties Under Rule 19(a)*

Rule 19(a) requires the joinder of parties whose absence would preclude the grant of complete relief, impede their ability to protect their interests, or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a). Courts are given broad discretion to deny or permit joinder under § 1447(e), and the more restrictive Rule 19 does not control the decision in such cases. *Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 535 (N.D. Cal. 1989). However, whether a party would be considered necessary under Rule 19 is still one factor that courts consider when deciding whether to allow such joinders. *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011–12. This factor will weigh in favor of joinder when a failure to join will lead to separate and redundant

actions, but will weigh against joinder when the new defendants are only tangentially related to the cause of action or would not prevent complete relief. *Id.*

Nunez intends to bring a Fair Employment and Housing Act ("FEHA") harassment claim against Gorman under California Government Code section 12940(j)(1). (Mot. 7.) Wal-Mart argues that Gorman is not an indispensable party, because Nunez can obtain full relief from Wal-Mart under the doctrine of *respondeat superior*. (Opp'n 8.) However, Nunez correctly notes that FEHA imposes personal liability on supervisors such as Gorman for harassment. (Mot. 8.) California courts have supported this interpretation. *Page v. Superior Ct.*, 31 Cal. App. 4th 1206, 1212 (1995).

Courts have held in similar FEHA harassment cases that denying joinder and forcing a plaintiff to pursue separate claims against their supervisor would lead to redundancy, despite the doctrine of *respondeat superior*. *E.g.*, *Bakshi v. Bayer Healthcare, LLC*, No. C07-00881 CW, 2007 WL 1232049, at *3 (N.D. Cal. Apr. 26, 2007). Further, Nunez alleges Gorman is not merely tangentially related to the cause of action as he took part in direct harassment against her. (Mot. 3.) The Court is inclined to agree. Since Gorman could be found personally liable for harassment and is not tangential to the action, Wal-Mart's liability alone is inadequate and denying joinder could lead to a redundant action against Gorman. Thus, this factor weighs in favor of joinder.

   ii. Statute of Limitations

Courts consider whether a statute of limitations "would prevent the filing of a new action against the new defendants should the court deny joinder." *Khachunts v. Gen. Ins. Co. of Am.*, 682 F. Supp. 3d 827, 834 (C.D. Cal. 2023) (quoting *Sagrerò v. Bergen Shippers Corp.*, No. 2:22-cv-04535-SPG (RAOx), 2022 WL 4397527, at *3 (C.D. Cal. Sept. 23, 2022)). This factor weighs against joinder if a plaintiff can still file an action against the new defendant in state court. *Sandhu v. Volvo Cars of N. Am., LLC*, No. 16-CV-04987-BLF, 2017 WL 403495, at *3 (N.D. Cal. Jan. 31, 2017).

Nunez has not indicated whether her action against Gorman is time-barred, but Wal-Mart acknowledges that it may well be, and instead argues only that this factor should be outweighed by the others. (Opp'n 8.) This acknowledgement is sufficient for the Court to weigh this factor in favor of joinder.

      iii.    *Unexplained Delay*

"Courts consider whether the amendment was attempted in a timely fashion." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). Courts take into account the amount of time that has passed since the filing of the complaint and removal, the progress of the case, and the amount of time that has passed since the opposing counsel refused to stipulate to the proposed amendment. *Khachunts*, 682 F. Supp. 3d at 834–35; *Waring v. Geodis Logistics LLC*, No. 2:19-cv-4415-GW (KSx), 2019 WL 3424955, at *4 (C.D. Cal. July 29, 2019) (considering time passed since the filing of the complaint in addition to time passed since removal). Courts will also consider whether the amending party has explained why they waited until after removal to join a diversity-destroying defendant. *Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1120 (N.D. Cal. 2006). Under § 1447(e), courts have discretion "to deny joinder of a diversity-destroying party whose identity was ascertainable and thus could have been named in the first complaint." *Khachunts*, 682 F. Supp. 3d at 835 (quoting *Boon v. Allstate Ins.*, 229 F. Supp. 2d 1016, 1023 (C.D. Cal. 2002)).

Nunez initially filed her complaint on May 8, 2023. (Compl.) The most recent removal by Wal-Mart took place on January 19, 2024. (Opp'n 2.) Nunez stated her intent to amend her complaint on February 20, 2024. (Mot. 9.) This was about nine months since the filing of the complaint, and thirty-two days since this case was most recently removed to federal court. These numbers will have only grown by the time Nunez properly files her motion for leave to amend, if indeed she does. Further, Nunez had the opportunity to include Gorman in her complaint. Gorman was Nunez's supervisor, and his alleged harassment included acts of which Nunez would certainly have been aware, such as directly addressing her as the wrong gender and humiliating

her in front of others.  (Mot. 3.)  However, Nunez offers no explanation for her delay in seeking to join Gorman.

Because of the length of Nunez's delay and the complete lack of explanation, this factor weighs against joinder.  *See, e.g.*, *Bakshi*, 2007 WL 1232049, at *4 (weighing this factor against amendment where plaintiff moved to amend about two months after filing complaint and thirty-five days after removal); *Robinson v. Lowe's Home Ctrs., LLC*, No. 1:15-CV-1321-LJO-SMS, 2015 WL 13236883 at *5 (E.D. Cal. Nov. 13, 2015) (weighing this factor against amendment where plaintiff moved to amend 200 days after filing complaint and one month after removal); *Culver Clinic Dev., Inc. v. Harms Software, Inc.*, No. 2:21-cv-8374-DSF (GJSx), 2022 WL 79832 at *6 (C.D. Cal. Jan. 7, 2022) (weighing this factor against amendment where plaintiff moved to amend eight months after filing complaint).

iv. *Intent to Seek Joinder*

Courts examine "the motive of a plaintiff in seeking the joinder of an additional defendant."  *Khachunts*, 682 F. Supp. 3d at 835 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)).  This factor will weigh against a joinder if its sole purpose is to defeat diversity jurisdiction.  *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1285-86 (C.D. Cal. 2015).

Nunez's amended complaint would likely be substantially similar to the original one.  Nunez states that she will simply be adding Gorman to the existing FEHA harassment claim against Wal-Mart.  (Mot. 8.)  Nunez asserts that she intends to add allegations to support her harassment claim against Gorman, including that "Walmart's managers, including but not limited to Chris Gorman, would humiliate [Nunez] in front of others, mockingly addressed her as 'sir,' and manipulated her performance statistics and duties to make it appear that [Nunez] was underperforming."  (Mot. 3.)  To compare, in her currently operative complaint, Nunez alleges that:

> She was not treated equally to other employees who were not transgender, including by a manager who deliberately humiliated her by asking in front of other employees whether she wanted to be addressed as 'a he or a she,' after which the manager would manipulate [Nunez]'s performance statistics and duties both to make her tasks more difficult and to make it appears as if she was not picking as many items as she actually was. The manager mocked [Nunez] when she asked about this. Another manager frequently harassed [Nunez] by addressing her as 'sir' and laughing about it.

(Compl. ¶ 4.)

These allegations are virtually identical, and effectively swap the unnamed managers in the complaint with managers "including but not limited to Chris Gorman." (Mot. 3.) Further, Nunez sought to add Gorman only after Wal-Mart removed this case to federal court for a second time. Based on this timing and the similarities between Nunez's original complaint and the allegations in her Motion, the Court justifiably suspects that Nunez seeks to join Gorman to destroy diversity jurisdiction, and not for any actual evolution in this case. *See Clinco*, 41 F. Supp. 2d at 1083 (weighing this factor against joinder where a plaintiff only sought to amend after removal, and the original and amended complaints were substantially similar). Thus, this factor weighs against joinder.

      v.    *Apparent Validity of Claims Against New Defendants*

"The existence of a facially valid claim against the putative defendant weighs in favor of permitting joinder under section 1447(e)." *Khachunts*, 682 F. Supp. 3d at 836. A claim is facially valid if it "seems valid, which is a lower standard than what is required to survive a motion to dismiss or motion for summary judgment." *Id.* (quoting *Prudenciano Flores v. Nissan N. Am., Inc.*, No. 2:21-cv-09411-RSWL (PDx), 2022 WL 1469424, at *4 (C.D. Cal. May 9, 2022)). The claim "need not be plausible nor stated with particularity" to meet this standard. *Id.* (quoting *Found. Bldg. Materials, LLC v. Action Gypsum Supply*, No. 8:21-cv-01804-CJC (KESx),

2022 WL 705337, at *4 (C.D. Cal. Mar. 8, 2022)). However, a plaintiff must still establish the elements of the alleged cause of action against the new defendant. *Id.*

Nunez states that she will simply be adding Gorman to the existing FEHA harassment claim she brought against Wal-Mart in her original complaint. (Mot. 8.) Nunez can potentially bring such a claim against a supervisor such as Gorman. *Page*, 31 Cal. App. 4th at 1212. The elements that must be established for this claim are that "(1) [the plaintiff] is a member of a protected group; (2) [the plaintiff] was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe or pervasive that it created a hostile work environment." *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 909–10 (E.D. Cal. 2017).

Nunez intends to allege that she is a member of a protected group. (Mot. 7.) Wal-Mart does not dispute this. Nunez intends to allege that Gorman "would humiliate [Nunez] in front of others, mockingly addressed her as 'sir,' and manipulated her performance statistics and duties to make it appear that [Nunez] was underperforming." (Mot. 3.) This could fulfill the second element, as Nunez would allege that she was harassed through these actions, and that these actions took place because she is transgender. Wal-Mart argues that these facts are not sufficiently specific, but does not elaborate or support this argument any further. (Opp'n 12.) Finally, Nunez intends to allege a hostile work environment, because "[t]he harassing conduct offended, humiliated, distressed, and intruded upon [Nunez] as to disrupt her emotional tranquility in the workplace and affect her ability to perform the job as usual, and it otherwise interfered with and undermined her personal sense of well-being." (Mot. 7–8.)

Although these allegations are vague, Nunez's claim does not need to be stated with great particularity at this early stage. The Court need only make a summary assessment that there is a possibility Nunez could state a claim for harassment against Gorman based on the asserted facts. *Krantz v. Bloomberg L.P.*, No. 2:21-cv-06275-AB (RAOx), 2022 WL 2101913, at *6 (C.D. Cal. Feb. 3, 2022) (citing *Marin v. FCA*

*US LLC*, No. 2:21-cv-04067-AB (PDx), 2021 WL 5232652, at *3 (C.D. Cal. Nov. 9, 2021)). The Court finds that there is. Thus, this factor weighs in favor of permitting joinder.

      vi.   *Prejudice to the Plaintiff*

Where denying joinder would cause prejudice to the plaintiff, courts weigh this factor in favor of permitting joinder. *See Khachunts*, 682 F. Supp. 3d at 837. Courts have found prejudice to a plaintiff where denying joinder would require the plaintiff to choose between bringing redundant litigation arising out of the same facts and involving the same legal issues or foregoing its potential claims. *IBC Aviation Servs., Inc.*, 125 F. Supp. at 1013.

Nunez's harassment claim against Gorman shares the same facts and legal issues as her harassment claim against Wal-Mart. (Mot. 8.) Denying joinder would require her to either bring the claim against Gorman separately in state court, or forego it entirely. Thus, Nunez would be prejudiced were the Court to deny joinder and this factor weighs in favor of permitting Nunez to add Gorman.

      vii.   *Weighing the Factors*

In weighing these factors, any of them may be decisive, and none are absolutely necessary to allow joinder. *Vasquez*, 77 F. Supp. 3d at 921.

Had Nunez requested leave to amend, multiple factors may have weighed in her favor. However, Nunez does not explain her long delay in seeking to add Gorman as a defendant, and her sole motivation appears to be to destroy diversity jurisdiction. Nunez was aware of Gorman's potential as a named defendant at the time she filed her initial complaint. Nunez made no effort to add Gorman until nine months after her initial complaint was filed and thirty-two days following removal of the action to this Court. (*See* Compl.; Opp'n 2; Mot. 9.) These glaring circumstances far outweigh the factors that may have otherwise favored joinder here.

As such, the factors on balance weigh in favor of denying joinder. Accordingly, even assuming Nunez correctly sought leave to amend, such leave is not

warranted. *See Bakshi*, 2007 WL 1232049, at *5 (denying a plaintiff leave to amend despite the first, second, fifth, and sixth factors weighing in favor of amendment, because the plaintiff did not explain their delay and their primary motive appeared to be the destruction of diversity jurisdiction); *Adams v. BMW of N. Am., LLC*, No. 17CV0068-MMA (KSC), 2017 WL 3822014, at *7 (S.D. Cal. Sept. 1, 2017) (finding it particularly salient that the plaintiff was unable to provide even one new fact discovered in the six months after their initial complaint to justify an amendment).

## C.   Diversity Jurisdiction

As Gorman is not a defendant in this case, complete diversity exists between the parties. Nunez, the only plaintiff, is a citizen of California. (Mot. 7.) Wal-Mart, the only named defendant, is a citizen of Arkansas and Delaware. (Opp'n 1.) Per § 1441, the Court disregards the citizenship of the fifty Doe defendants for the purposes of its § 1332(a) jurisdiction. 28 U.S.C. § 1441. Nunez does not dispute that the amount in controversy is over the $75,000 threshold for jurisdiction under § 1332(a). (*See generally* Mot.) Thus, this Court continues to hold subject matter jurisdiction over this case under 28 U.S.C. § 1332(a).

## V.   CONCLUSION

For the foregoing reasons, the Court's subject matter jurisdiction over this case remains undisturbed. Accordingly, the Court **DENIES** Plaintiff's Motion to Remand. (ECF No. 9.)

**IT IS SO ORDERED.**

July 12, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**